UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN CORRIVEAU,

    Plaintiff,

v.                                                                              Case No. 8:18-cv-2936-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

# **O R D E R**

Before the Court is *Plaintiff's Attorney's Amended Motion for an Award of Attorney['s] Fees Under 42 U.S.C. § 406(b)*.[1] (Doc. 29). For the reasons discussed below, counsel's motion is granted.

I.

The Plaintiff initiated this action in December 2018, seeking judicial review of the Commissioner's decision terminating his Social Security Disability Insurance Benefits and Supplemental Security Income. (Doc. 1). On March 31, 2020, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 23). The Clerk of Court entered Judgment for the Plaintiff the

---

[1] The Court denied the Plaintiff's original fee motion (Doc. 27) without prejudice due to the lack of clarity as to the Commissioner's position regarding the motion (Doc. 28).

same day. (Doc. 24). Roughly three months later, the Plaintiff sought and received $3,885.65 in attorney's fees and $400 in costs under the Equal Access to Justice Act (EAJA). (Doc. 26).

As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Doc. 29-2). According to the award letter, dated March 8, 2021, the Social Security Administration (SSA) has withheld $10,344.50 of this past-due amount for a possible future award of attorney's fees. *Id.* at 4. This $10,344.50 figure equates to 25% of the Plaintiff's past-due benefits, which is the statutory limit for such fee awards.

By way of the instant motion, the Plaintiff's lawyer now seeks a Court order pursuant to 42 U.S.C. § 406(b)(1) approving fees in the amount of $10,344.50, which is the stipulated sum in counsel's contingency fee agreement with the Plaintiff. (Doc. 29 at 3; Doc. 29-1). The Plaintiff's attorney represents that he is aware of his obligation to refund to the Plaintiff the previous EAJA fee award of $3,885.65 in the event the Court grants this motion. (Doc. 29 at 3). Counsel also states that the Commissioner consents to the sought-after fee award.

II.

Before addressing the substance of counsel's motion, the Court must dispose of a threshold procedural issue stemming from the recent revisions to the local rules. Effective February 1, 2021, Local Rule 7.01 now creates a bifurcated process

for parties seeking the Court's approval of post-judgment attorney's fees and related non-taxable expenses. M.D. Fla. R. 7.01. Under this provision, a party claiming attorney's fees or expenses must first timely move the Court for a determination of the party's entitlement to fees. M.D. Fla. R. 7.01(b). If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—file a supplemental motion that complies with the following requirements:

> (1) describes the meet-and-confer effort but preserves any confidential settlement communication;
> (2) specifies the resolved and *unresolved* issues;
> (3) includes a memorandum of law on any *disputed* issue;
> (4) includes for any *disputed* rate or hour:
>     (A) the timekeeper's identity, experience, and qualification;
>     (B) specifies the resolved and *unresolved* issues;
>     (C) includes a memorandum of law on any *disputed* issue;
>     (D) the timekeeper's requested rate;
>     (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;
>     (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation; and
> (5) includes for a *disputed* non-taxable expense:
>     (A) a receipt for, or other evidence of, the expense and
>     (B) lead counsel's verification that counsel incurred the expense.

M.D. Fla. R. 7.01(c) (emphasis added).

The above emphasized language suggests that, while Local Rule 7.01 mandates two separate motions be filed before the Court can award attorneys' fees and expenses, the second motion may be deemed unnecessary if the amount of the requested fees or expenses is not contested. *Id.* Indeed, courts analyzing fee petitions under the Southern District of Florida's analogous local rule—namely, S.D. Fla. R. 7.3—have dispensed with a bifurcated procedure where, as with the instant motion, a party's fee application is unopposed. *See, e.g.*, *Cruzado v. Saul*, 2021 WL 356157 (S.D. Fla. Jan. 14, 2021), *report and recommendation adopted*, *Cruzado-Rodrigues v. Saul*, 2021 WL 354186 (S.D. Fla. Feb. 2, 2021); *Forbes v. Berryhill*, 2021 WL 256364 (S.D. Fla. Jan. 26, 2021); *Lloyd v. James E. Albertelli, P.A.*, 2020 WL 7295767 (S.D. Fla. Dec. 10, 2020).

In light of this case authority and the circumstances presented, the Court invokes its authority under Local Rule 1.01(b)—which authorizes the Court to suspend application of a local rule—to decline enforcement of Local Rule 7.01's bifurcation requirement here. M.D. Fla. R. 1.01(b); *see also Tobinick v. Novella*, 884 F.3d 1110, 1120 (11th Cir. 2018) (finding that a district court did not abuse its discretion in allowing a party to submit "an omnibus motion for fees without adhering to some of the procedural requirements under [the Southern District of Florida's] local rules").

With this threshold procedural matter resolved, the Court turns to the merits of counsel's fee motion. Section 406(b) of Title 42, United States Code, governs the authorization of attorney's fees in Social Security cases where, as in the instant action, a district court remands the case to the Commissioner for further proceedings, and the Commissioner subsequently grants the claimant past-due benefits. *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam).[2] In such a situation, the claimant may return to the district court—as the Plaintiff's attorney has done here—and seek fees not exceeding 25% of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill,* 586 U.S. ___, 139 S. Ct. 517, 522 (2019).

The authorized fee amount, however, must be reasonable. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure that this is the case, section 406(b) mandates that courts conduct an independent review of counsels' fee arrangements with their clients. *Gisbrecht,* 535 U.S. at 807. As part of their oversight role, courts may direct that an attorney provide "a record of the hours spent representing the claimant and a

---

[2] The requirement under Federal Rule of Civil Procedure 54(d)(2) that fee petitions be filed no later than fourteen days after the entry of judgment applies to fee motions brought pursuant to section 406(b). *See Bergen*, 454 F.3d at 1277. Given the difficulty, however, of integrating Rule 54(d)(2)'s fourteen-day requirement into the procedural framework of a section 406 fee award, this District has a Standing Order, which provides that motions for attorney's fees under section 406(b) be submitted no later than thirty days after the date of the Social Security letter sent to plaintiff's counsel of record at the conclusion of the SSA's past-due benefit calculation. *See In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22.

statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. Courts may also require that the authorized fee amount be offset by any previous fee award or by any fees due counsel under a contingency fee arrangement. *Id.* at 796; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming attorney's fees under both the EAJA and section 406 must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Counsel may do so either by deducting an earlier EAJA award from a subsequent section 406(b) award, or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson,* 601 F.3d at 1274.

In this case, the requested fee award of $10,344.50 is based on 19.90 hours spent by the Plaintiff's lawyer on this appeal between 2018 and 2020. (Doc. 29-3). This monetary figure for the work performed before the Court is consistent with the Plaintiff's contingency fee agreement (Doc. 29-1), as it equates to 25% of the total past-due benefits granted the Plaintiff (Doc. 29-2). In light of these facts, as well as the nature of the legal services rendered, the positive results achieved, and the Commissioner's consent to the sought-after fee amount, the Court finds that the requested fees are reasonable.

III.

Accordingly, for the reasons stated above, it is hereby ORDERED:

1. *Plaintiff's Attorney's Amended Motion for an Award of Attorney['s] Fees Under 42 U.S.C. § 406(b)* (Doc. 29) is granted, and the Plaintiff is awarded attorney's fees in the amount of $10,344.50 pursuant to 42 U.S.C. § 406(b). This sum shall be paid to Plaintiff's counsel from the past-due benefits currently being withheld by the Commissioner.

2. Upon receipt of these funds, Plaintiff's counsel shall promptly refund the Plaintiff the previously awarded EAJA fee of $3,885.65.

3. This action is closed and shall remain closed.

DONE and ORDERED in Tampa, Florida, this 3rd day of May 2021.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record